**SIGNED this 25th day of April, 2017**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

In re:

Kenneth Edwin Crisp, Jr.,                       No. 1:16-bk-13110-SDR
     Debtor;                                            Chapter 7

Synovus Bank,
     Plaintiff,

v.                                                    Adversary Proceeding
                                                    1:16-ap-01047-SDR

Kenneth Edwin Crisp, Jr.,
     Defendant

## MEMORANDUM

      Plaintiff, Synovus Bank, filed this adversary proceeding on November 7, 2016. Plaintiff requests that the debt owed to it by Defendant/Debtor, Kenneth Crisp, be declared nondischargeable under 11 U.S.C. § 523(a)(2). On February 10, 2017, Plaintiff filed a motion for summary judgment [Doc. no. 9]. Based on the following analysis, the court will deny the motion for summary judgment.

1

**I.    Background**

Plaintiff filed a statement of undisputed facts on February 10, 2017, in support of its motion for summary judgment. [Doc. no. 12, Plaintiff's Statement of Undisputed Facts (hereinafter "Plaintiff's Statement").] Defendant responded on February 28, 2017. [Doc. no. 20, Defendant's Response.] In the response, Defendant offers several alternative explanations for the facts presented by Plaintiff. [*Id.*] Because the court is reviewing the Plaintiff's motion for summary judgment, the court must view the facts in the light most favorable to the Defendant.

Plaintiff alleges that on October 23, 2014, Defendant, acting in the name of Lindsay Street Hall, LLC (hereinafter "LLC"), executed and delivered to Plaintiff a Renewal Promissory Note (Loan No. Ending 9228) in the principal amount of $50,000. [Plaintiff's Statement 2.] At the same time, Defendant also executed a Personal Guaranty Agreement (hereinafter "Guaranty") in which he personally guaranteed payment of any and all indebtedness owed by Lindsay Street Hall, LLC under the Note. [*Id.*] Defendant also pledged real property located at 901 Lindsay Street, Chattanooga, TN 37402 (hereinafter "the Property") to secure payment of the Note by signing a Deed of Trust. [*Id.* at 3.] Defendant admits to having signed all of these documents. [Defendant's Response 2.]

Plaintiff further alleges that Defendant held himself out to be the owner and in possession of the Property. [Plaintiff's Statement 3-4.] Defendant denies that he made any such representation, insisting that Plaintiff's loan officer knew that it was his father who owned the Property. [Defendant's Response 2.]

According to Plaintiff, Defendant had provided a Limited Liability Company Operating Agreement for the LLC in order to secure the original loan which the 2014 Note renewed. [Plaintiff's Statement 4.] The Operating Agreement shows Defendant, Kenneth Crisp, Jr., as the

sole member and 100% owner of the LLC. [*Id.*] Defendant contends that Plaintiff's loan officer actually prepared this document and that there was another version signed by his father which shows Defendant's father as the owner of the LLC. [Defendant's Response 2.] He further contends that Plaintiff knew all along that he did not own the Property and that he was signing the Note in an individual capacity. [*Id.*] Defendant has attached separate loan applications prepared by him and his father, both of which show that Kenneth Crisp, Sr. had 100% ownership in both the Property and the LLC. [*Id.*] He contends that these applications were provided to Plaintiff when the loan process first began. [*Id.*] It was only after his father's application was denied that the loan officer prepared new documents showing Defendant as the owner of the Property. [*Id.*]

The Note matured on October 20, 2015. [Plaintiff's Statement 4.] In March 2016, Defendant's father, Kenneth Crisp, Sr., asserted his individual ownership of the Property by informing Plaintiff that its Deed of Trust was invalid because Defendant had no ownership in the Property. [*Id.*] Defendant asserts that his father has experienced medical issues which have led to unusual behavior, including a dramatic change in personality and a sharp decline in his ability to remember things. [Defendant's Statement 1-3.]

In 2014, Kenneth Crisp, Sr. filed Chapter 7 Bankruptcy and did not list the Property on his original Schedule A. [Plaintiff's Statement 6.] An amended Schedule A was filed on July 16, 2014 which does include the Property. *In re Kenneth Edwin Crisp, Sr.*, Case No. 14-12260, Doc. No. 37. In 2015, Kenneth Crisp, Sr. filed Chapter 11 Bankruptcy. [Plaintiff's Statement 6.] The schedules in that case reflect that he owned the Property and that he was the sole owner and member of the LLC. [*Id.*] The schedules also reference a potential claim against Defendant for

$100,000. [*Id.*] Defendant contends much of this can be explained by his father's sudden change in personality. [Defendant's Statement 3.]

On May 3, 2016, the Property was foreclosed by Chattanooga Community Development Financial Institution, Inc. [Plaintiff's Statement 5.]

Plaintiff alleges that Defendant provided or signed numerous documents that were either incorrect or misleading with regards to ownership and possession of the Property and the LLC. [*Id.* at 7.] These include an Affidavit of Possession, the Limited Liability Company Operating Agreement for the LLC dated August 5, 2013, as well as the warranties and representations of ownership and possession that are contained in the Note, Security Agreement and Deed of Trust (collectively "the Loan Documents"). [*Id.*] Plaintiff further alleges that it relied on these misrepresentations when it extended the loan under the Note. [*Id.*] Defendant denies holding himself out as the owner of either the Property or the LLC and states that he provided several documents to Plaintiff which show that he had 0% interest in either. [Defendant's Statement 3.] Defendant has supplied separate completed applications prepared by him and his father for a loan with Plaintiff, both of which show that Kenneth Crisp, Sr. had 100% ownership in both the Property and the LLC. [*Id.* at 2.] Defendant also contends a title search would have disclosed his father's ownerhsip. [*Id.*]

## II.    Jurisdiction

28 U.S.C. §§ 157 and 1334, as well as the general order of reference entered in this district provide this court with jurisdiction to hear and decide this adversary proceeding. The Plaintiff's action regarding the dischargeability of particular debts is a core proceeding. *See* 28 U.S.C. §§ 157(b)(2)(I).

4

### III.     Standard of Review

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable to bankruptcy adversary proceedings. *See* Fed. R. Bank. P. 7056. Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is on the moving party to show conclusively that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kava v. Peters*, No. 09-2327, 2011 WL 6091350, at *3 (6th Cir. Dec. 7, 2011).

Once the moving party presents evidence sufficient to support a motion under Fed. R. Civ. P. 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

### IV.     Analysis

Plaintiff objects to the discharge of the debt owed to it by Defendant under 11 U.S.C. § 523(a)(2). That section provides two mutually exclusive means, under subsections (A) and (B),

for a creditor to have its debt declared nondischargeable and Plaintiff contends that it is entitled to relief under both of them.

First, taking each subsection separately, Plaintiff must prove the following in order to establish nondischargeability under § 523(a)(2)(A):

> That the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor's intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of loss.

*Phillips v. Coman,* 804 F.2d 930, 932 (6th Cir. 1986). In short, the Plaintiff must prove fraud to satisfy § 523(a)(2)(A). Circumstantial evidence of fraud is sufficient, but the court must have some evidence of the deceit or scheme to find fraudulent intent. *In re Fox*, 370 B.R. at 116-117. Badges of fraud from which intent may be inferred include:

> (1) the suspicious timing and chronology of events; (2) a debtor's lack of financial health at the time of the transaction (e.g., insolvency); (3) the failure to keep adequate records; and (4) the existence of unusual transfers. In utilizing such indicia, however, the Sixth Circuit has cautioned against "factor-counting," instead holding, "[w]hat courts need to do is determine whether all the evidence leads to the conclusion that it is more probable than not that the debtor had the requisite fraudulent intent."

*In re Marroquin*, 441 B.R. 586, 593–94 (Bankr. N.D. Ohio 2010) (internal quotations and citations omitted).

The burden is on the Plaintiff, as the party moving for summary judgment, to prove that there is no issue of material fact. It is also the case that "where a debtor's subjective intent is at issue, summary judgment is generally inappropriate unless all reasonable inferences defeat the claims of the opposing party." *FIA Card Servs. N.A. v. Wagner(In re Wagner)*, No. 10-36900, 2012 WL 6737830 at *5 (Bankr. N.D. Ohio 2012).

6

Plaintiff has failed to prove that there is no issue of material fact as to reliance or intent. Defendant has provided several documents that contradict Plaintiff's allegations. These include individual loan applications for himself and his father which show that his father was the owner of the Property. [Defendant's Statement 3.] Additionally, Defendant has provided alternative explanations through his sworn statements that he informed the bank officer that he was not the owner of the Property. There exists a conflict regarding what representations were made to the bank that will require the court to evaluate the credibility of the witnesses. There are genuine issues of material fact, most notably whether or not Plaintiff's loan officer was fully aware that Defendant was not the owner of the Property. [*Id.* at 2.] On a motion for summary judgment, Defendant, as the non-moving party, is entitled to have the facts viewed in the light most favorable to him. Defendant has presented probative evidence that suggests that he did not make a misrepresentation or that there was no reasonable reliance on the part of the Plaintiff on Defendant's representations of ownership in the loan documents. Even if there was a misrepresentation, Defendant denies he ever intended to mislead the Plaintiff. Given that a question of intent is only appropriate for summary judgment when all reasonable inferences defeat the claims of the opposing party and that Defendant has provided a plausible scenario in which fraudulent intent would not be present, Plaintiff has failed to meet its burden and summary judgment will be denied as to Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A).

Second, the issues that need to be adjudicated in a dischargeability complaint under 11 U.S.C. § 523(a)(2)(B), are whether the debtor received "money, property, [or] services . . . by . . . use of a statement in writing: (i) that is materially false; (ii) respecting the debtor's . . . financial condition; (iii) on which the creditor to whom the debtor is liable . . . reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive."

7

Plaintiff contends that the Loan Documents each constitute a statement in writing respecting the Debtor's financial condition.  Because each of these documents names Defendant as the owner of either the LLC or the Property, neither of which he actually owned, Plaintiff contends the Loan Documents are materially false.  However, even if the court agreed with these assertions, the § 523(a)(2)(B) requires more. While the Code is clear that §§ 523(a)(2)(A) and (B) are mutually exclusive, both sections require the Plaintiff to prove that it reasonably relied on the misrepresentation and that the debtor had an intent to deceive.  As outlined above, Plaintiff has failed to meet its burden with regard to both of these elements.  Therefore, summary judgment will be denied as to Plaintiff's claim under 11 U.S.C. § 523(a)(2)(B).

### V. Conclusion

The court will deny the Plaintiff's motion for summary judgment.  The court concludes that genuine disputes of material fact exist.

A separate order will enter.

# # #